**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LUZ ZULEMA TORRES | § | |
| | § | |
| vs. | § | CIVIL NO. 4:17CV173 |
| | § | CRIMINAL NO. 4:15CR1(15) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

The following are pending before the Court:

1. Petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1);

2. Government's response to Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. #5);

3. Government's amended response to Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. #6); and

4. Petitioner's "traverse motion" (Dkt. #9).

Having considered the Petitioner's motion and the responsive briefing thereto, the Court finds that the motion should be denied.

## BACKGROUND

The procedural history and factual background are uncontested. Therefore, the Court adopts the Government's summary of the background of this case as follows:

> On September 10, 2015, a federal grand jury returned a two-count second superseding indictment against Luz Zulema Torres and 25 others (Torres and 22 codefendants were added to the first superseding indictment). Count two charged Torres and 24 codefendants with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On October 14, 2015, a third superseding indictment was filed and on December 9, 2015, a fourth superseding indictment was filed. Neither the third nor the fourth superseding indictment altered the charges related to Torres. PSR ¶¶ 2,3.

1

On April 26, 2016, Torres entered a plea of guilty to count two of the fourth superseding indictment. Torres's signed plea agreement included the following:

> **GUIDELINE STIPULATIONS:** The parties stipulate to the following factors that affect the appropriate sentencing range in this case:…
>
> > c. The defendant does not qualify for a reduction under U.S.S.G. § 3B1.2 (Mitigating Role).

Plea Agreement, Doc. 471, p. 3, ¶ 5. Additionally, Torres's plea agreement contained the following waiver of appellate rights:

> **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Plea Agreement, Doc. 471, pp. 4-5, ¶ 10.

At the plea hearing on April 26, 2016, Torres appeared with counsel Robert E.L. (Ed) Richardson and had the assistance of a Spanish language interpreter. Minute Entry, Doc. 469. Torres "acknowledged satisfaction with the representation of counsel." Minute Entry, Doc. 469. At the hearing, the Court reviewed the plea agreement with Torres. Minute Entry, Doc. 469. The Court found that Torres's "plea was voluntary, knowledgeable and that it had a basis in fact." Minute Entry, Doc. 469.

At the plea hearing, the Court specifically asked Torres about her attorney's performance:

> **The Court:** Now, Ms. Torres, let me ask you just a few questions regarding Mr. Richardson. Have you had a full and fair opportunity to discuss all the facts of your case with Mr. Richardson and any defenses you might have to the charges that are pending against you?
>
> **The Defendant:** Yes.

> **The Court:** Do you feel he's fully considered all the facts of your case and any defenses you might have to the charges that are pending against you?
>
> **The Defendant:** Yes.
>
> **The Court:** So are you fully satisfied with the representation you have received by Mr. Richardson in this matter, including in connection with the advice he has given you on your Plea Agreement?
>
> **The Defendant:** Yes.

PH, pp. 10-11.

> Further, the Court asked Torres about her plea agreement:
>
> **The Court:** …let's turn and look at your Plea Agreement. And I do have a copy before me and I'm going to ask you for you to initially confirm, is that your signature on Page 7 of your Plea Agreement?
>
> **The Defendant:** Yes….
>
> **The Court:** And did you discuss each of the terms and provisions in this agreement with your counsel before you signed it?
>
> **The Defendant:** Yes.
>
> **The Court:** Were you comfortable you understood everything in your Plea Agreement before you signed it?
>
> **The Defendant:** Yes.

PH, p. 18.

The Court then asked the government (represented by Assistant United States Attorney Kevin McClendon) to summarize the Plea Agreement focusing on paragraph 5:

> **Mr. McClendon:** … the parties stipulate to the following factors that affect the appropriate sentencing range in this case: … the Defendant does not qualify for a reduction under Sentencing Guideline Section 3B1.2, mitigating role.

3

PH, p. 19.

> The Court asked Torres if she understood the Plea Agreement was binding:
>
> **The Court:** … So, Ms. Torres, I want to talk with you just a little further regarding paragraph 5 and some of the other provisions in your agreement, but I want to start with Paragraph 5 because I want to ensure that you understand you will still be bound by the plea you enter here today?
>
> **The Defendant:** It's in God's hands, yes.

PH, p. 20.

> The Court then focused on Torres's waiver of her appellate rights:
>
> **The Court:** …If you can turn with me and look at Paragraph 10 entitled Waiver of Right to Appeal or Otherwise Challenge Sentence, and I want to talk to you about this particular provision because it deals with your appellate rights and I need to make sure that you understand that by and through paragraph 10 you have given up your right to appeal your conviction and sentence on all but two grounds and you've also agreed not to contest that sentence in any post-conviction proceeding, including, but not limited to, a Section 2255 proceeding. Do you understand that that is what paragraph 10 says?
>
> **The Defendant:** Yes.
>
> **The Court:** So even more specifically, do you understand that you have only reserved the right for yourself to appeal on two very limited circumstances; where you have a claim for ineffective assistance of counsel or where punishment is imposed in excess of the statutory maximum?
>
> **The Defendant:** Yes.
>
> **The Court:** And did you voluntarily and of your own free will, Ms. Torres, agree to give up your appellate rights except in those two very limited circumstances that you and I have just discussed?
>
> **The Defendant:** Yes.

4

PH, p. 21.

>The Court asked Mr. Richardson about his relationship with Torres:
>
>**The Court:** So, Mr. Richardson, let me ask you, have you gone over each and every one of the provisions of the Plea Agreement with your client?
>
>**Mr. Richardson:** Yes, your Honor.
>
>**The Court:** And do you believe that she understands each of the terms and the provisions?
>
>**Mr. Richardson:** I do, your Honor.

PH, p. 22.

>The Court confirmed with Torres that she understood:
>
>**The Court:** And, Ms. Torres, I'm going to just ask for you to confirm that you voluntarily and of your own free will agree to each of the terms and provisions in this Plea Agreement?
>
>**The Defendant:** Yes.

PH, p. 23.

>Finally, at the plea hearing, the Court questioned both counsel and Torres:
>
>**The Court:** Mr. Richardson, has Ms. Torres been able to cooperate with you at all times?
>
>**Mr. Richardson:** She has, your honor….
>
>**The Court:** And, Ms. Torres, let me ask you, have you understood everything that's gone on here today?
>
>**The Defendant:** Yes.
>
>**The Court:** Do you have any questions whatsoever?
>
>**The Defendant:** No.

PH, p. 31.

In the Findings of Fact and Recommendation on Guilty Plea before the United States Magistrate Judge, entered on April 26, 2016, the Court found that Torres "knowingly and voluntarily consented to the administration of the Guilty Plea…." Findings of Fact on Guilty Plea, Doc. 474. The Court noted that Torres was "fully competent and capable of entering an informed plea," that Torres was "aware of the nature of the charges and the consequences of the plea, and that the plea of guilty" was a "knowing and voluntary plea supported by an independent basis in fact…." Findings of Fact on Guilty Plea, Doc. 474.

On August 18, 2016, the Court sentenced Torres to 70 months imprisonment and entered a formal judgment on August 22, 2016. Judgment, Doc. 619.

At the sentencing hearing, Torres's attorney advocated for a sentence below the guidelines:

> **Mr. Richardson:** …my understanding of how Ms. Torres got involved in this case was simply her daughter…. Mom, can you help us out? We're sending some money to Mexico…. Now of course, at some point she became aware that the proceeds were drug proceeds and kept doing it anyway and that's why she's here today. But other than that, this lady has done nothing wrong in her entire life. And obviously at her age, you know, if she had an evil heart, it would have presented itself prior to her involvement in this case…. I just don't believe it would benefit society greatly to lock this particular person up for 70 months…. I've found her to be one of the most selfless people I've ever met, and so we would ask the Court to consider going below the guideline range of 70 to 87 months and find a number that's more appropriate to Ms. Torres.

SH, pp. 6-7.

Further, at the sentencing hearing, Torres's attorney argued:

> …I don't think 70 months accurately reflects how wrapped up in this thing she really was, and I'm talking about intent-wise as well as the actions that she took. And like I said, given her age, given her nature, I think something below an almost six year sentence would be appropriate for Ms. Torres.

SH, pp. 14-15.

6

The Court noted:

> …I'm not going to grant a variance in your case. Your attorney does a very good job of making that argument, and it's close for me. I mean, it's something I struggle with….Your counsel does a very good job and for me it is close. It is close.

SH, pp. 17-18.

Torres did not file a notice of appeal. Torres filed the pending motion on March 9, 2017.

Counsel for Torres, Robert E.L. (Ed) Richardson submitted an affidavit in response to the 2255 motion filed by Torres. Richardson's affidavit, attached as Exhibit A. In his affidavit, Richardson states he met with Torres on multiple occasions with the aid of an interpreter to discuss the charges, the government's evidence and the plea agreement. Richardson says he explained multiple times the possible impact of each provision of the plea agreement on the sentencing guidelines. Ultimately, Richardson states that Torres executed a plea agreement in which she pled guilty and waived her right to direct appeal and her ability to seek a mitigating role reduction pursuant to U.S.S.G. § 3B1.2. Richardson says he explained the consequences of waiving the ability to seek a reduction pursuant to U.S.S.G. § 3B1.2 and Torres agreed to sign the plea agreement, waiving both her right to appeal and her ability to seek a reduction under U.S.S.G. § 3B1.2. Richardson notes that, at sentencing, he requested a below guideline sentence for Torres because of her lack of sophistication and limited role in the conspiracy. Richardson reports he does not recall being asked to file a notice of appeal by Torres or anyone else. Richardson further states that if he were asked to file notice of appeal, he would have.

GOVT. AMD. RESP., pp. 1-8 (Dkt. #6).

## STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the

other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## **LAW APPLICABLE TO THE PETITIONER'S CLAIMS**

The Petitioner couches all of her claims in terms of receiving the ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn her conviction on the grounds of ineffective assistance of counsel must prove her entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonably professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If she fails to prove

8

the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

Where, as here, a defendant pleads guilty, the focus of attention is the guilty plea and "whether the plea represents a voluntary and intelligent choice among alternative courses of action open to a defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). When a defendant is represented by counsel during the plea process and enters her plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Hill*, 474 U.S. at 56-57.

Here, the Petitioner is arguing that her counsel was ineffective because counsel failed to (1) file a direct appeal, and (2) request a mitigating role reduction. The Petitioner is not arguing that she entered into her plea unknowingly or involuntarily due to the advice of her counsel. Additionally, the Petitioner is not arguing that she is not guilty of the offense to which she pled guilty. Rather, she is complaining that her counsel should have filed a notice of appeal to preserve her request for a mitigating role reduction.

After a thorough review of the Petitioner's briefing, the Court notes that the Petitioner never stated that she asked her counsel to file a notice of appeal, which likely accounts for why her attorney has no recollection of the Petitioner requesting that an appeal be filed on her behalf. Counsel was not required to be omniscient. The Court cannot say that counsel provided ineffective assistance of counsel for failing to file a direct appeal when he was never asked to do so.

9

However, even if her counsel had been asked to file a direct appeal, and failed to do so, the Petitioner waived her right to appeal. As noted above, in both the plea agreement and at her plea hearing, the Petitioner stated that: (1) the plea was voluntary; (2) she was satisfied with her counsel's representation; (3) she understood that she would not receive a mitigating role reduction; and (4) she understood she was waiving her right to appeal. Additionally, the Petitioner's counsel averred that he met with the Petitioner on multiple occasions with the aid of an interpreter to discuss the charges, the Government's evidence and the plea agreement. Counsel further averred that he fully explained the possible impact of each provision of the plea agreement and how each provision of the plea agreement affected the sentencing guidelines. Based on the foregoing, the Court finds that the Petitioner's plea was knowing and voluntary. As such, the Petitioner waived her right to file a direct appeal. Accordingly, the Petitioner's claim that her counsel was ineffective for failing to file a direct appeal fails.

Likewise, the Petitioner waived her right to seek a mitigating role reduction. For the reasons set forth above, the Petitioner's plea was knowing and voluntary. As such, the Petitioner waived her right to seek a mitigating role reduction. Thus, the Petitioner's claim that her counsel was ineffective for failing to seek a mitigating role reduction fails as well. However, the Court would be remiss if it did not note that even though the Petitioner waived her right to seek a mitigating role reduction, her counsel, at sentencing, argued that he "found [Torres] to be one of the most selfless people [he had] ever met, and so [he asked] the Court to consider going below the guideline range. . .and [find] a number that's more appropriate to Ms. Torres." (Dkt. #1062, p. 7). Counsel emphasized that the Petitioner had "done nothing wrong in her entire life. And obviously at her age. . .if she had an evil heart, it would have presented itself prior to her involvement in this case." (Dkt. #1062, p. 6).

10

Although the Court rejected counsel's argument, it is apparent that counsel took great pains to argue for a below-guidelines sentence. Counsel for the Petitioner clearly provided the effective assistance of counsel.

## CONCLUSION

Based on the foregoing, the motion for relief pursuant to 28 U.S.C. § 2255 is denied and the case is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although the Petitioner has not yet filed a notice of appeal, the Court, nonetheless, addresses whether the Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429,

431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of the Petitioner's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Petitioner is not entitled to a certificate of appealability.

It is therefore **ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED.**

**IT IS SO ORDERED.**
SIGNED this 20th day of March, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE